**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

MARILYN SHAFER,

*Plaintiff,*

v.

METROPOLITAN LIFE INSURANCE COMPANY, a New York Insurance Company, and

SCHLUMBERGER TECHNOLOGIES, INC., a Texas Corporation

*Defendants*.

---

## COMPLAINT

---

Plaintiff Marilyn Shafer, by and through her counsel of record, Thomas N. Scheffel & Associates, Inc., by Charles E. King, states as her Complaint against Defendants:

### I.   PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Marilyn Shafer, date of birth May 25, 1967, is and at all times pertinent hereto was a resident of the State of Colorado.

2.  Defendant Metropolitan Life Insurance Company (hereinafter "Metropolitan" or "Defendant") is a New York Insurance Company, registered with the Colorado Division of Insurance, and does business throughout the United States and in the State of Colorado.

3.  Schlumberger Technologies, Inc. (hereinafter "Schlumberger" or "Defendant") is a Texas Corporation, registered to do business in the State of Colorado.

4. Metropolitan issued the group insurance policy (Policy No. 147840-1-G) (hereinafter "the Policy"), which provides life insurance benefits to eligible employees of Schlumberger under the Schlumberger Group Life Insurance Plan.

5. Schlumberger is the plan sponsor and plan administrator of the Schlumberger Group Life Insurance Plan, (hereinafter "Plan") which is believed to be an "employee benefit plan" governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

6. Plaintiff's deceased husband, Michael S. Shafer, was, at all relevant times, a participant in Schlumberger's employee benefit plan, and was insured under the Policy.

7. Defendant Metropolitan, as the insurer and underwriter of the Policy, and Defendant Schlumberger, as claim administrator, have an obligation to pay benefits as defined under the terms of the Policy.

8. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(a), (e), (f) and (g).

9. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b)(1) and 29 U.S.C. § 1132(e)(2).

10. The ERISA statue provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Following Defendant's denial of her claim, Plaintiff submitted an appeal as required. After reviewing the appeal, Metropolitan upheld its original decision to deny Mrs. Shafer's claim. Mrs. Shafer has therefore exhausted her administrative remedies and is entitled to seek the relief requested herein.

## II. GENERAL ALLEGATIONS

11. Prior to his disability, Mr. Shafer was employed by Schlumberger as a Bits Technical Sales Representative. Mr. Shafer was working for Schlumberger in October, 2011, when the relevant "Open Enrollment" for employee benefits was offered regarding employee benefits insured by Metropolitan. Mr. Shafer enrolled in the 2012 plan and was accepted.

12. On November 14, 2011, Mr. Shafer went on Short Term Disability Leave. He was still on Short Term Disability Leave on January 1, 2012, when the new policies under Metropolitan went into effect. Mr. Shafer later transitioned to Long Term Disability on May 15, 2012, through the date of his death on July 7, 2012.

13. Subsequent to Mr. Shafer's death, on August 22, 2012, Mrs. Shafer made a claim seeking benefits under the Policy. Metropolitan paid the undisputed amount due, together with interest, in the amount of $873,239.17 via draft 002276747, dated September 17, 2012.

14. Mrs. Shafer is owed an additional $468,701.60, plus interest, and any other appropriate fees and costs, due pursuant to the above-referenced claim.

15. On February 11, 2013, Metropolitan denied Mrs. Shafer's claim for any amount over $873,000.00.

16. Mrs. Shafer contacted Schlumberger's Lisa Bartley in March of 2012 when the Shafers had yet to receive a new Life Insurance Policy Statement under the new 2012 Metropolitan Schlumberger policy. A few weeks after Mrs. Shafer initiated this phone call with Lisa Bartley, Mrs. Shafer was told for the first time that there was now a purported "return to work policy" and "grandfather clause," making Mr. Shafer ineligible for the 2012 plan.

17. The Shafers were not advised properly of any "return to work" policy, nor of any impacts on their coverage. Schlumberger and Metropolitan had a duty to so notice and inform them.

18. Mr. Shafer was properly charged premiums for the new 2012 policy beginning on January 1, 2012, and was never notified until it was too late that there were any exceptions. This led to a shortfall of approximately $468,701.00, based on Lisa Bartley's description of how the 2012 Schlumberger Life Insurance benefits are calculated.

19. Six months after the regular premiums had been paid, Schlumberger refunded Mrs. Shafer the paid premiums, in an attempt to claim the 2012 coverage package never went into effect.

20. Four days after Mr. Shafer's death, Mrs. Shafer received the "Personalized Benefits Confirmation," which was "printed" July 11, 2012. This Benefit Statement calculates a benefit of seven times Mr. Shafer's base salary, plus a bonus amount. However, it was not the full yearly bonus amount. This base amount plus the partial yearly bonus amount equals eligible compensation of $144,285.71. When the seven times benefit multiplier is applied, the amount indicated on Schlumberger's "2012 Personalized Benefits Confirmation," dated July 11, 2012, $1,010,000.00 is the result. These documented benefit amounts demonstrate the fact that, according to Schlumberger records, four days after Mr. Shafer's death, Mr. Shafer was covered by the 2012 policy.

21. The partial benefits amount paid to Mrs. Shafer was mistakenly calculated with a multiple of seven times Mr. Shafer's base salary alone. Seven times this base salary of $124,714.29 equals the incorrect owed amount of $873,239.17. The total amount actually due to the beneficiary, based upon the "Eligible Compensation" formula included in the 2012

Schlumberger Group Life basic coverage and supplemental coverage is $1,241,701.60, plus interest. This amount is based on Mr. Shafer's 2011 total earnings of $191,671.67, which includes salary and full yearly bonus. Mr. Shafer was covered under Schlumberger's 2012 Life Insurance Plan at the time of his death on July 7, 2012, as per all documentation provided, and had relinquished the previous 2011 plan.

22. Lisa Bartley at Schlumberger indicated that the first time the "Return to Work Policy" was noted for the Shafers to "see," was in the Schlumberger December of 2012 "GetConnected" employee newsletter. This newsletter was distributed a full month after open enrollment closed and Mr. Shafer properly made his elections. As such, this was not appropriate notice to affect the agreed to (2012) life insurance benefits. This "Return to Work Policy" does not appear in any other form. It is also absent from the relevant Life Insurance Policy. This "Return to Work Policy," printed after the fact, and only in an employee newsletter, is obvious pretext to try and retroactively effect owned insurance benefits and to cover up egregious errors on the part of Schlumberger and Metropolitan.

23. After a review of the denial, Metropolitan upheld the denial of Mrs. Shafer's claim for any amount over $873,000.00. Defendant's refusal to reverse its decision upon review of Plaintiff's claim is evidence of a bad-faith attempt to avoid the payment of monies rightfully due under Mr. Shafer's Insurance Policy. Additionally, Schlumberger and Metropolitan have attempted to avoid the payment rightfully due by attempting to conceal pertinent facts and misrepresent the information available to the claimants at the pertinent times.

24. Defendant's refusal to reverse its decision upon review of Plaintiff's claim constitutes a breach of the insurance contract.

### III. CLAIM FOR RELIEF

#### A.  FIRST CLAIM FOR RELIEF

#### Claim Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)

25. ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1) provides a plan participant, such as Plaintiff, with a right to bring a civil action for the relief provided in subsection (c), to recover benefits due under the terms of a plan, to enforce her rights under the terms of the plan, and/or to clarify rights to future benefits under the terms of a plan.

26. The evidence presented to Metropolitan establishes that Mr. Shafer was covered under the 2012 Plan at the time of his death. Mrs. Shafer, as his beneficiary, is entitled to a benefit equal to seven times the amount of Mr. Shafer's 2011 income, including all bonuses. By denying her claim for benefits, and by related acts and omissions, Defendant Metropolitan has violated, and continues to violate, the terms of the Policy.

27. Defendant Metropolitan has failed to provide Mrs. Shafer with a Summary Plan Description. Metropolitan has admitted that there is no Summary Plan Description.

28. Pursuant to 29 U.S.C. § 1132(g), Mrs. Shafer is entitled to an award of her reasonable attorneys' fees and costs incurred in bringing this action.

29. Pursuant to 29 U.S.C. § 1132(c)(3), Mrs. Shafer is entitled to an award of up to $100 a day for Metropolitan's failure to provide Mrs. Shafer with a Summary Plan Description, as required by 29. U.S.C. § 1021(a)(1).

**WHEREFORE**, Plaintiff prays as set forth following her Second Claim for Relief.

**B.       SECOND CLAIM FOR RELIEF**

**Breach of Contract**

30. The evidence presented to Metropolitan establishes that Mr. Shafer was covered under

the 2012 Plan at the time of his death. Mrs. Shafer, as his beneficiary, is entitled to a

benefit equal to seven times the amount of Mr. Shafer's 2011 income, including all

bonuses.

31. Defendants breached their contract effective February 11, 2013, wherein they refused to

pay the full amount of insurance benefits to the Plaintiff.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

a) Declare that Defendant Metropolitan breached its contractual obligations under

the terms of the Policy by denying Mrs. Shafer's claim for the full amount of

benefits due her.

b) Order Metropolitan to pay the remaining amount of benefits owed to Mrs.

Shafer under the Policy, together with statutory interest.

c) Order the Defendants to pay Mrs. Shafer the costs of the suit herein, and

reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g);

d) Order Schlumberger to pay Mrs. Shafer $100 per day for the failure to provide

a Summary Plan Description, pursuant to 29 U.S.C. § 1132(c)(3).

e) Provide such other and further relief as this Court deems just and proper.

PLAINTIFF REQUESTS THAT THIS MATTER BE HEARD BY A JURY.

DATED this        day of          , 2014:

s/      Charles E. King      
**Charles E. King**
Thomas N. Scheffel & Associates, P.C.
3801 E. Florida Ave., Suite 600
Denver, CO 80210
Telephone: (303) 759-5937
Fax: (303) 759-9726
E-mail: cking@tnslaw.com
ATTORNEY FOR PLAINTIFF MARILYN SHAFER

Plaintiff's Address:
Marilyn Shafer
16098 Amber Rock Ct.
Parker, CO 80134